**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**GIST ENVIRONMENTAL**
**SOLUTIONS & SERVICE, LLC**                                              **PLAINTIFF**

**v.**                              **CASE NO. 3:24-cv-00016-BRW**

**NUCOR CORPORATION**                                                     **DEFENDANT**

<u>**CONSENT PROTECTIVE ORDER**</u>

The Joint Motion for Protective Order (Doc. No. 13) is GRANTED.

**THIS MATTER** is before the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure for entry of an order governing the disclosure and protection of confidential and proprietary business and/or personal information that may be sought during discovery or disclosed in this litigation. The parties to this action (each, a "Party" and collectively, the "Parties"), by and through counsel, have agreed on the need for a protective order to facilitate discovery and the disclosure of information, while preserving and maintaining the confidentiality of certain documents or testimony that may be sought by the Parties.

**WHEREFORE**, by and with the consent of the Parties, the Court hereby **ORDERS** as follows:

1.    <u>Parties</u>. The Parties to this Consent Protective Order (the "Protective Order") are Plaintiff Gist Environmental Solutions & Service, LLC and Defendant Nucor Corporation in the above-captioned action (the "Litigation").

2.    <u>Scope of Order</u>. The Protective Order is binding on: (a) each Party to this Litigation identified in paragraph 1; and (b) each third party who produces and/or receives Confidential Information (as defined pursuant to paragraph 5) in connection with this Litigation.

3.    <u>Nature and Purpose of Order</u>. To preserve the legitimate confidentiality, proprietary, and privacy interests of sources of information, this Protective Order establishes a procedure for disclosing Confidential Information, imposes obligations on persons receiving Confidential Information to protect such information from unauthorized use or disclosure, and establishes a procedure whereby confidentiality designations may be challenged. This Protective Order further imposes restrictions upon those who may receive information produced or disclosed during the course of this Litigation that is designated as "Confidential Information" by the disclosing party.

4.    <u>Material Governed</u>. This Protective Order governs all material produced or given in pretrial proceedings in this Litigation, whether by a Party or by any other person, whether produced or given before or after entry of this Protective Order, including the following: documents (which have the broadest possible meaning and include information memorialized in any way, including in paper or electronic format), data and information, answers to interrogatories, deposition transcripts, answers to deposition questions, responses to requests for admission, affidavits, responses to subpoenas *duces tecum*, and such other materials and information that may be provided by the Parties or any other person during the course of discovery or other pretrial proceedings in this Litigation, including all copies, excerpts, and summaries thereof. This Protective Order applies only to information produced or disclosed during this Litigation, either by the Parties to the action or by third parties, which is not otherwise publicly available without violation of this Protective Order or other confidentiality obligation.

5.    <u>Confidential Information</u>. For purposes of this Protective Order, "Confidential Information" means information in any form, including those described in paragraph 4, that is designated in accordance with the procedures set forth in this Protective Order and that a Party or other person producing material reasonably and in good faith believes contains information that is

confidential. As a general guideline, materials designated as "Confidential Information" that contain or reflect a trade secret, confidential research or development information, commercially sensitive information, or other information that the producing person considers confidential and believes in good faith is entitled to protection under Rule 26(c) of the Federal of Civil Procedure, and that is not in the public domain. No Party will make blanket assertions of confidentiality. Except as provided in paragraphs 16, 19, and 20, no designation will be effective unless there is placed or affixed on such material a "CONFIDENTIAL" marking in accordance with paragraph 7. The inadvertent failure to so mark any material, however, will not be deemed a waiver of such claim of confidentiality.

6.    <u>Uses of Confidential Information</u>. Confidential Information appearing in any form, including those described in paragraph 4, may not be disclosed except as permitted in paragraph 9 or as otherwise ordered by the Court or agreed to by the designating party. All Confidential Information, and any documents or information derived therefrom, will be used solely for the prosecution or defense (including any appeal therefrom) of this Litigation, and under no circumstances will Confidential Information be used for any other purpose, including commercial, business, competitive, or other purposes; provided, however, that the foregoing will not apply to information that is or becomes part of the public record without violation of this Protective Order or other <u>confidentiality</u> obligation.

7.    <u>Designation of Information as Confidential Information</u>. A Party or other person or nonparty may, in the exercise of good faith, designate any material as "Confidential Information" pursuant to this Protective Order.  Documents, responses to interrogatories, responses to requests for admission, exhibits, and other material described in paragraph 4 may be designated as containing Confidential Information by stamping the words "CONFIDENTIAL" on each page or medium containing the material or data sought to be protected, such that the material or data

appearing on the page is not obscured. For electronic or other materials that cannot readily be labeled as "CONFIDENTIAL," the designating party or person will inform counsel for all Parties or nonparties (or the Parties/nonparties themselves, if not represented) at the time of production that some or all of the material is "CONFIDENTIAL" and will identify the Confidential Information contained therein. A nonparty may invoke the protection of this Protective Order for any materials provided by it in connection with the Litigation, including but not limited to documents and deposition testimony and exhibits provided in response to subpoenas served on those third parties, as long as the nonparty agrees to be bound by this Protective Order and those subsequent amendments to this Protective Order concerning which the nonparty has received written notice.

8.    <u>Failure to Designate Materials</u>. The failure to designate correctly any Confidential Information produced or disclosed in this Litigation will not be deemed a waiver or impairment of any subsequent claim of privilege or protection of the confidential nature of any such information. Upon a disclosing party's discovery that information was incorrectly designated, that disclosing party will provide notice to the other litigants that the information was inappropriately designated. The disclosing party will then have seven business days in which to re-designate the information as "Confidential Information" in the fashion described in paragraph 7 and affix the appropriate legend to each copy of the newly designated document or other information in its possession. In the interim, the information may not be used in a manner inconsistent with the notice.

9.    <u>Access to Confidential Information, Acknowledgments</u>. Except as agreed to in writing by the designating person or its counsel or as otherwise provided by this Protective Order, and only after compliance with the procedures set forth herein, access to Confidential Information will

be restricted to the list of persons included herein (each, an "Authorized Person" and collectively, the "Authorized Persons"):

    a.    The Parties;

    b.    The officers, directors, or employees of any of the Parties or any subsidiaries or affiliates thereof, who are working with counsel in the conduct of the Litigation and need to review the material in order to provide assistance to counsel in the Litigation;

    c.    In-house counsel and managing officials of the Parties or their affiliates who are actively involved in the prosecution or defense of this Litigation;

    d.    Outside counsel for the Parties, including their paralegals and clerical and litigation support employees. As used herein, "outside counsel" will mean attorneys and staff members for the respective firms who have entered appearances on behalf of the Parties to this Litigation;

    e.    Consultants/experts for each of the Parties specifically engaged by counsel or a Party to assist in the Litigation; provided, however, that

        i.    The consultant/expert has signed an undertaking in the form of the Agreement Concerning Confidential Information (the "Confidentiality Acknowledgment") attached hereto as **Exhibit A**, which such undertaking will be maintained by counsel for the Party specifically engaging the consultant/expert until the conclusion of the Litigation; and

        ii.    The consultant/expert is not an employee of any Party to the Litigation or any competitor of any Party to the Litigation.

f. The Court and its officers, court reporters/stenographers, videographers, and outside copy services whose function requires them to have access to material designated as "Confidential Information" under this Protective Order;

g. Personnel of third-party vendors engaged by a Party or by counsel for a Party to assist in (i) the coding, imaging, or other management of documents produced in discovery in this Litigation; (ii) the translation of any foreign language document or testimony; (iii) the preparation of demonstrative exhibits or other visual aids for presentation at a hearing or trial; or (iv) jury research and analysis, provided that such personnel of third-party vendors will not be employees of a Party and provided such personnel of third-party vendors execute the Confidentiality Acknowledgment before getting access to Confidential Information;

h. Private arbitrators and mediators; and

i. The direct staff of, and any contract support personnel employed or retained by, the foregoing persons, provided that they are actively involved in this Litigation and disclosure is reasonably necessary for the performance of their services.

10. <u>Safe-Keeping of Confidential Information</u>. The recipient of any Confidential Information disclosed pursuant to this Protective Order and permitted by this Protective Order to retain the Confidential Information will maintain the Confidential Information in a secure manner and will exercise due and proper care to protect its confidentiality.

11. <u>Restrictions on Disclosure</u>. No Confidential Information will be disclosed to any persons other than those Authorized Persons identified in paragraph 9, as applicable, who may use such information only for the purposes described in paragraph 9, as limited by paragraph 9 and the Confidentiality Acknowledgment (as applicable). Nothing in this Protective Order, however, will prevent disclosure beyond the terms of this Protective Order if the person designating the information

as "Confidential Information" expressly consents in writing before such disclosure in this Litigation, if the disclosure is required by law, or if the Court orders such disclosure. Nothing in this Protective Order will be construed as a restriction on the use or disclosure of information by the person who was in lawful possession of and produced the information, or otherwise limit the ability of a person to publicly disclose its own Confidential Information.

12.    <u>Designation During Deposition</u>. Any person may, on the record at a deposition in this Litigation, designate portions of oral testimony, or the testimony in its entirety, as "Confidential Information" based on a good-faith belief that the designation complies with the provisions of this Protective Order. In the event that any question is asked at a deposition with respect to which it is asserted, on the record, that the answer requires the disclosure of Confidential Information, the question will nonetheless be answered by the witness fully and completely. When any document or other material designated as "Confidential Information" is introduced as an exhibit, counsel introducing such exhibit will advise the court reporter that the exhibit is Confidential Information pursuant to this Protective Order. As to Confidential Information, before the witness answers and before a document or other material designated as "Confidential Information" is shown, all persons present who may qualify as Authorized Persons in paragraph 9 of this Protective Order and are not otherwise already bound by this Protective Order will sign the Confidentiality Acknowledgment (as applicable).  All persons, other than the witness, who are not entitled to access the information under paragraph 9 of this Order (as applicable) or who are entitled to access the information under paragraph 9 but who decline to sign the Confidentiality Acknowledgment as required, will leave the room during the time in which Confidential Information is disclosed, shown, or discussed.  No deposition exhibit marked as "Confidential Information" will be provided to any person not bound by the Protective Order; provided, however, that any witness, other than a direct competitor of a

Party whose Confidential Information is sought to be disclosed, who has a bona fide need to review said documents or other materials in connection with providing testimony or preparing to provide testimony, who has agreed to be bound by and comply with this Protective Order and who has executed the Confidentiality Acknowledgment, may be shown any document containing Confidential Information if it appears from the face of the document that the witness authored or previously received a copy of it, or if specific documentary or testimonial evidence of that witness or others indicates that the document was communicated to or from the witness, or if the designating party so agrees. The fact that a Party, witness, or producing party has not objected to designation of all or any portion of the deposition transcript as "Confidential Information" during the deposition itself does not waive such Party's, witness', or producing party's right to object to any such designation and seek release of that transcript from the terms and provisions of this Protective Order.

13.    Deposition Transcripts. Litigation material produced or disclosed at depositions may be designated as "Confidential Information" by (a) indicating on the record at the deposition that the testimony or an exhibit is Confidential Information (as applicable); or (b) notifying all Parties in writing not later than thirty days after receipt of the final transcript of the specific pages and lines of the transcript (and any exhibits) that should be treated as Confidential Information (as applicable). Deposition transcripts will presumptively be considered to have been designated as Confidential Information for a period of thirty days following the deposing Party's receipt of the deposition transcript.  On or before the expiration of such thirty-day period, if the testimony or exhibit was not designated as "Confidential Information" and subject to the Protective Order on the record during the deposition, the deponent, his or her counsel, or any Party may designate all or portions of the transcript as "CONFIDENTIAL," which designation will remain in effect for the duration of this

Protective Order, subject to challenge of such designations as provided for by paragraph 16, below. The deponent, his or her counsel, or the Party making such a designation must advise counsel for each Party of any such designation; otherwise, following the initial thirty-day period mentioned above, the deposition transcript will not be designated as "Confidential Information" if the testimony or exhibit was not designated as "Confidential Information" and subject to the Protective Order on the record during the deposition.

14.    <u>Filing Confidential Information</u>. That portion of any court filing, including any pleading, motion, brief, memorandum, exhibit, deposition transcript, answers to interrogatories or requests for admissions, or related submission containing Confidential Information will be filed with the United States District Court, Eastern District of Arkansas under seal in accordance with this Protective Order and the requirements and procedures set forth in the CM/ECF Administrative Policies and Procedures Manual for Civil Filing. The Clerk of Court will maintain all such material under seal unless and until this Court orders otherwise. The Parties acknowledge that a designation of material as "Confidential Information" does not, by itself, serve to demonstrate that sealing is warranted. Likewise, consent of the other Parties does not relieve the designating party of the obligation to show that sealing is warranted.

15.    <u>No Prejudice</u>. Nothing in this Protective Order will prevent any Party from using or disclosing its own information as it deems appropriate.

16.    <u>Challenges</u>. In the event counsel for the Party receiving materials designated as "Confidential Information" objects in good faith to the designation, said counsel will advise the disclosing party of such objection, identify the information at issue, and state the reasons therefor. If the dispute cannot be resolved among counsel, the Party objecting to the designation of a document or the disclosed information as "Confidential Information" may thereafter seek resolution

from the Court. Until the Court makes a determination, the confidentiality designation given by the disclosing party will remain in effect. At all times, the burden to sustain the designation is upon the designating party. In any dispute over a designation or admissibility, documents or information may be revealed to the Court for *in camera* inspection.

17.    <u>Right to Assert Further Objections</u>. This Protective Order will not enlarge or affect the proper scope of discovery in this Litigation or any other litigation, nor will this Protective Order imply that discovery material designated as "Confidential Information" under the terms of this Protective Order is properly discoverable, relevant, or admissible in this Litigation or any other litigation. Nothing in this Protective Order constitutes an admission by the Parties or any other party that Confidential Information disclosed in this Litigation is relevant or admissible. Each Party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable law. The fact that any materials are designated as "Confidential Information" pursuant to this Protective Order will not affect or operate as a means of objection to the admissibility of any such material.

18.    <u>No Waiver</u>. Neither the taking of, nor the failure to take, any action to challenge any designation of confidentiality pursuant to this Protective Order or to enforce the provisions of this Protective Order will constitute a waiver of any right, claim, or defense, or an admission, by a Party.

19.    <u>Inadvertent Disclosure by Producing Party</u>. No Party or person intends to produce document(s) or information protected by the attorney-client privilege or the work-product doctrine. In the event that such document(s) are produced, the producing Party or person may request their return from the receiving Party, which will immediately cease to use such documents and will within five business days return or destroy all copies of such document(s) and any

materials paraphrasing, summarizing, referencing, or otherwise using such document(s). Any inadvertent production of such documents will not constitute a waiver or forfeiture of the attorney-client privilege or work-product immunity.

20.     <u>Inadvertent Disclosure by Receiving Party</u>. If a Party or other person receiving Confidential Information learns that, by inadvertence or otherwise, it has disclosed such information under circumstances not authorized under this Protective Order, such receiving Party or person will immediately (a) notify in writing the person who designated the information as "Confidential Information" of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the Confidential Information; and (c) inform the person or persons to whom unauthorized disclosure was made of all the terms of this Protective Order.

21.     <u>Right to Further Relief</u>. Nothing in this Protective Order will preclude any Party from seeking any alternative or additional protection with respect to the use and disclosure of any documents or materials in the Litigation or any other proceeding.

22.     <u>Survival of Order and Jurisdiction</u>. The obligations created by this Protective Order will survive the termination of this Litigation unless otherwise modified by the Court. The Court will retain jurisdiction, even after termination of this Litigation, to enforce this Protective Order and to <u>make</u> such amendments and modifications to this Protective Order as may be appropriate.

23.     <u>Ultimate Disposition of Confidential Material</u>. The ultimate disposition of Confidential Information and protected materials is subject to a final order of the Court on the completion of litigation.

24.     <u>Subpoenas</u>. If a receiving Party is subpoenaed in another litigation or proceeding or served with a document demand, other than in the above-captioned Litigation, and such subpoena or document seeks Confidential Information of another party, the receiving Party will give prompt

written notice to counsel for the producing party before  the deadline for complying with the subpoena or responding to the document demand, and will give the producing party reasonable time, under the specific circumstances, to advance or waive its confidentiality claim with regard to the requested Confidential Information. If a confidentiality claim is advanced by the producing party, the receiving Party will cooperate in the producing party's efforts to protect against disclosure of Confidential Information, and the receiving Party will not disclose the Confidential Information at issue until there is an entry of an order by a court of competent jurisdiction requiring such disclosure, after having heard the producing party's confidentiality claim. Further, no compulsory disclosure to nonparties of Confidential Information provided under this Protective Order will be deemed a waiver of any claim of confidentiality. Neither the Parties nor their counsel will participate in any activities which might lead to the disclosure of Confidential Information for any purpose beyond this Litigation except as expressly authorized in this Protective Order.

25.    Trial. The attorneys for the Parties will consult with each other and the Court before trial to define appropriate measures to protect the confidentiality of Confidential Information at trial.

26.    No Modification or Termination. This Protective Order may be modified or terminated only by unanimous written stipulation among all Parties to this Litigation or by order of the Court.

IT IS SO ORDERED this 6th day of November, 2024.


Billy Roy Wilson_____
UNITED STATES MAGISTRATE JUDGE

**<u>EXHIBIT A</u>**

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**GIST ENVIRONMENTAL**
**SOLUTIONS & SERVICE, LLC**                                                    **PLAINTIFF**

**v.**                                     **CASE NO. 3:24-cv-00016-BRW**

**NUCOR CORPORATION**                                              **DEFENDANT**

**AGREEMENT CONCERNING CONFIDENTIAL INFORMATION**

The undersigned acknowledges that he or she has been given access to certain documents or testimony covered by the Consent Protective Order (the "Protective Order") in this case, that he or she has read, understands, and agrees to be bound by the terms and conditions of the Protective Order, that he or she consents to the jurisdiction of the United States District Court, Eastern District of Arkansas, for purposes of enforcing this Protective Order, and that he or she has been designated as an Authorized Person under the terms of this Protective Order.

The undersigned further understands that the Protective Order prohibits him or her from disclosing or discussing the contents of any document or other material designated as "Confidential Information" in accordance with the Protective Order to or with any person other than those individuals identified in the Protective Order.

The undersigned further understands that his or her use of such document or material is limited to those uses authorized by the Protective Order.

_____
SIGNATURE

_____
PRINTED NAME

_____
DATE